IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　Plaintiff,<br><br>　　　　*v.*<br><br>COMERICA BANK,<br><br>　　　　Defendant. | Case No. 3:24-cv-3054-B<br><br>Judge Jane J. Boyle |

**DEFENDANT COMERICA BANK'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

MATTHEW P. PREVIN
(admitted *pro hac vice*)
matthewprevin@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (202) 318-6049

PAUL R. GENENDER
Texas Bar No. 00790758
paulgenender@paulhastings.com
PAUL HASTINGS LLP
2001 Ross Avenue, Suite #2700
Dallas, Texas 75201
Telephone: (972) 936-7500

JONICE M. GRAY
(admitted *pro hac vice*)
jonicegray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1781

*Counsel for Defendant Comerica Bank*

## INTRODUCTION

Plaintiff Consumer Financial Protection Bureau ("CFPB") asks the Court for a 90-day stay of proceedings to review its own case and determine its "position towards the pending motion to dismiss the complaint." ECF No. 28, Motion to Stay ("Motion") at 2. Comerica Bank ("Comerica" or the "Bank") agrees that the CFPB should reevaluate this case. However, because the stay would harm the Bank and lacks any legal justification, Comerica respectfully requests that this Court deny Plaintiff's Motion.

## LEGAL STANDARD

Given that the CFPB has not specified the authority under which it asks this Court to stay proceedings, Comerica must presume that the CFPB is seeking a stay under the Court's discretionary powers. "District courts have broad, but not unlimited, discretion to stay proceedings 'in the interest of justice and in control of their dockets.'" *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 3:17-CV-3009-B, 2019 WL 1767003, at *1 (N.D. Tex. Apr. 22, 2019) (citation omitted). "If there is a fair possibility that the stay will harm the nonmovant, the party requesting the stay must make out a clear case of hardship or inequity in being required to go forward." *Id.* (quotation marks omitted). "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Remsburg v. Weitman*, No. 5:21-CV-00001-H, 2022 WL 22391377, at *2 (N.D. Tex. July 8, 2022) (citation omitted). "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." *Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D-BH, 2011 WL 7415414, at *2 (N.D. Tex. Dec. 7, 2011), *report and recommendation adopted*, No. 3:11-CV-1672-D, 2012 WL 593483 (N.D. Tex. Feb. 17, 2012) (citation omitted).

## **ARGUMENT**

The CFPB does not even attempt to show that it meets the standard for a stay in this District. Nowhere does the CFPB argue that it faces "hardship or inequity" in being required to go forward *with its own case*. Nor does the CFPB attempt to argue that Comerica will not itself be harmed by a stay. The CFPB, therefore, has not come close to meeting its "heavy burden" to show that a stay is justified.

First, because there is far more than a "fair possibility" that a stay will harm Comerica, this Court should deny the CFPB's Motion. Any stay would prolong the reputational harm the Bank has been forced to endure as a result of the Biden/Chopra-era CFPB's meritless action and public comments. When the Chopra-led CFPB filed its Complaint in the last weeks of the Biden administration, it issued a politicized, harmful, and misleading press release claiming that Comerica "systematically fail[ed] disabled and older Americans," "hung up on recipients of Social Security and harvested junk fees from them," and "cut corners to boost its bottom line."[1] The false and politicized narrative created by the Chopra-led CFPB's Complaint and press release continues to harm Comerica's reputation every day this lawsuit proceeds. For this reason, the Bank seeks to vindicate itself without undue delay. A stay would unfairly deny the Bank that opportunity and prolong the reputational harm it suffers from the pending lawsuit.

A stay would also harm Comerica by granting the CFPB an unfair advantage in this litigation. Following a meet-and-confer between the parties that occurred more than a week after the inauguration, Comerica filed an unopposed motion on January 30, 2025 to set a briefing schedule consistent with deadlines supported by both parties, and the Court affirmed those

---

[1] CFPB, *CFPB Sues Comerica Bank for Systematically Failing Disabled and Older Americans* (Dec. 6, 2024), https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-comerica-bank-for-systematically-failing-disabled-and-older-americans/.

deadlines in its February 3, 2025 order. *See* ECF Nos. 23, 25. On February 21, 2025, consistent with that order, Comerica filed its Motion to Dismiss the CFPB's Complaint. *See* ECF Nos. 26-27. The CFPB's opposition to Comerica's Motion to Dismiss is due March 21, 2025. If the Court were to grant the CFPB's requested stay, it would provide the CFPB approximately *four months* to oppose Comerica's Motion to Dismiss. This would give the CFPB an extraordinary amount of time to file an opposition brief, to the prejudice of Comerica.

      Moreover, the CFPB has failed to show anything close to "hardship" or "genuine necessity" justifying the stay. Far from alleging an actual "necessity" for a stay, the CFPB's purported reason for seeking the stay is entirely self-created—namely, the CFPB's own need to review its own lawsuit in order to "ensure consistency with the goals of the new Administration." Motion at 2. As this is a situation caused by the CFPB itself—and entirely within its control—it cannot justify the stay.

      Nor can the CFPB plausibly claim it will sustain any injury if the stay is denied. Indeed, the purported goal of the stay—to grant the CFPB's new leadership sufficient time to review the CFPB's case and determine the CFPB's position with respect to Comerica's Motion to Dismiss— requires no stay at all. While Comerica welcomes the CFPB's stated intention to "review" this lawsuit with clear and fresh eyes, the CFPB should not be permitted to stay further briefing on Comerica's Motion to Dismiss. If the CFPB needs time "to review" this lawsuit in light of the pending Motion to Dismiss, the CFPB can, and should, simply dismiss the lawsuit without prejudice. Once dismissed, the new leadership can have as much time as it deems necessary to evaluate the case, without inflicting further harm on Comerica with a lawsuit pending against it.

      Comerica is committed to proceeding in a manner that is consistent with judicial economy and has shared this position with the CFPB; but the requested stay is not the means of obtaining this objective, and ultimately prejudices Comerica. The CFPB's lawsuit has caused, and continues

to cause, Comerica substantial harm. Comerica has a right to clear its name in this legislation-by-enforcement lawsuit brought by the Chopra-led CFPB without further delay. Courts have rejected similar recent efforts by the CFPB to stay other lawsuits premised on the desire to allow the new administration to evaluate enforcement lawsuits. *See, e.g.,* Text Order, *CFPB v. Solo Funds, Inc.,* No. 2:24-cv-04108-RGK-AJR (C.D. Cal. Feb. 5, 2025), ECF No. 89 (text order denying CFPB stay motion "for no good cause shown"); Order Denying Plaintiff's Motion for Temporary Stay, *CFPB v. Capital One Fin. Corp.*, No. 1:25-cv-61-DLN (E.D. Va. Feb. 4, 2025), ECF No. 14 (denying CFPB's stay motion); *see also Capital One,* Order at 1 ("The Court recognizes that the recent change of administration has impacted the CFPB's leadership and its work. However, the Court will continue to conduct this litigation on a schedule consistent with the well-established manner in which the U.S. District Court for the Eastern District of Virginia handles its civil matters.").

## **CONCLUSION**

For the foregoing reasons, Comerica respectfully requests that the Court deny the CFPB's Motion to Stay.

DATED this 5th day of March, 2025.   Respectfully submitted,

| | |
|---|---|
| MATTHEW P. PREVIN<br>(admitted *pro hac vice*)<br>  matthewprevin@paulhastings.com<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (202) 318-6049 | JONICE M. GRAY<br>(admitted *pro hac vice*)<br>  jonicegray@paulhastings.com<br>PAUL HASTINGS LLP<br>2050 M Street NW<br>Washington, DC 20036<br>Telephone: (202) 551-1781<br><br>  */s/ Paul R. Genender*<br>PAUL R. GENENDER<br>(Texas Bar No. 00790758)<br>  paulgenender@paulhastings.com<br>PAUL HASTINGS LLP<br>2001 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br><br>Telephone: (972) 936-7500<br><br>*Counsel for Defendant Comerica Bank* |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was electronically filed with the Clerk of Court via the CM/ECF system, and was electronically served on all known counsel of record on this the 5th day of March 2025.

  */s/ Paul R. Genender*
Paul R. Genender

5