UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-3054-B |
| | § | |
| COMERICA BANK, | § § | |
| Defendant. | § | |

ORDER

Before the Court is Plaintiff Consumer Financial Protection Bureau ("CFPB")'s Motion to Stay (Doc. 28). The CFPB moves to stay this case for 90 days "to allow new agency leadership time to review the matter and determine . . . the CFPB's position towards the pending motion to dismiss the complaint." Doc. 28, Mot., 2. The Court **DENIES** the Motion.

District courts have broad, but not unlimited, discretion to stay proceedings "in the interest of justice and in control of their dockets." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010) (citation omitted). But if there is a "fair possibility" that the stay will harm the nonmovant, the party requesting the stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* (citation omitted).

The CFPB has failed to explain how staying this case would be in the interest of justice. The CFPB only argues that there is "good cause" to stay the case to give the agency time to decide whether to continue prosecuting this action. Doc. 28, Mot., 2. But the Court is not convinced that it would be in the interest of justice to allow a plaintiff to pause proceedings—three months after filing suit—

for the sole purpose of deciding whether to continue pursuing litigation. *See Beran*, 747 F. Supp. 2d at 723.

Further, there is a fair possibility that staying the case would harm Defendant Comerica Bank ("Comerica"). Comerica argues that this case involves serious allegations that "harm Comerica's reputation every day this lawsuit proceeds." Doc. 29, Resp., 2. And Comerica contends that granting the CFPB's request to stay the case would "prolong the reputational harm [Comerica] suffers from the pending lawsuit." *Id.* Additionally, Comerica argues that staying the case will provide the CFPB with an "unfair advantage" by giving the CFPB four months to prepare its Response to Comerica's Motion to Dismiss. *Id.* at 3. Because there is a fair possibility that staying the case will harm Comerica, the CFPB must identify some hardship or inequity from being required to continue litigating this case. *See Beran*, 747 F. Supp. 2d at 723. The CFPB has failed to do so. Accordingly, the Court **DENIES** the CFPB's Motion to Stay (Doc. 28).

SO ORDERED.

SIGNED: March 10, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE